OPINION
{¶ 1} Defendant-appellant, Richard Robinson, appeals the decision of the Butler County Common Pleas Court finding him to be a sexual predator. We affirm the trial court's decision finding appellant to be a sexual predator. Appellant also appeals the trial court's sentencing order that he pay the cost of his court-appointed counsel. We reverse that order and remand the case to the trial court for a determination of appellant's ability to pay.
 {¶ 2} In December 2001, appellant was indicted on two counts of rape in violation of R.C. 2907.02(A)(2), one count of felonious assault in violation of R.C. 2903.11(A)(1), and one count of kidnapping in violation of R.C. 2905.01(A)(4). The indictment stemmed from appellant's sexual conduct with his 14-year-old niece. In March 2002, appellant pled guilty to two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04, both third-degree felonies. The trial court convicted him of two counts of unlawful sexual conduct with a minor. All other counts were dismissed.
 {¶ 3} In May 2002, the trial court sentenced appellant to consecutive prison terms of four years for one count of unlawful sexual conduct with a minor, and three years for the other count. The trial court also ordered appellant to pay the cost of his court-appointed counsel. The trial court subsequently held a hearing to determine if appellant was a sexual predator. Following the hearing, the trial court found appellant to be a sexual predator.
 {¶ 4} Appellant now appeals the trial court's decision finding him to be a sexual predator and the trial court's order that he pay the cost of his court-appointed counsel. Appellant assigns two errors.
Assignment of Error No. 1
 {¶ 5} "The court erred in finding the defendant to be a sexual predator."
 {¶ 6} In this assignment of error, appellant argues that the trial court erred because there is not clear and convincing evidence in the record indicating that he is a sexual predator.
 {¶ 7} A sexual predator is statutorily defined as "a person who has been convicted of, or pleaded guilty to, committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1).
 {¶ 8} If a trial court finds a defendant to be a sexual predator, it must do so by clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 9} R.C. 2950.09(B)(2)(a) through (j) list the factors a trial court must consider in determining whether a person is a sexual predator likely to commit another sexually-oriented offense in the future. This section requires the trial court to consider all relevant factors, including, but not limited to, all of the following:
 {¶ 10} "(a) The offender's age;
 {¶ 11} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 14} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender;
 {¶ 17} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 20} The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). See State v. Holland (Sept. 10, 2001), Brown App. No. CA2000-11-031. The court may rely on one factor more than another depending on the circumstances of the case. See id. Furthermore, a single conviction may support a finding that a defendant is a sexual predator. See State v.Higgins (May 22, 2000), Clermont App. No. CA99-07-068.
 {¶ 21} The trial court based its decision on the forensic report of Dr. Bobbi Hopes, as well as the facts of the crime as documented in the presentence investigation report. The court noted that, according to the victim, appellant threatened to kill her if she did not comply and that appellant had choked her. The victim stated that appellant raped her twice on the night in question. The court also noted that alcohol was involved in the offense. Appellant and the victim had been at a party where alcohol was being consumed, and appellant provided the victim and her friends with alcohol. Appellant himself had been smoking marijuana and consuming alcohol. The court also noted the young age of the victim, who was 14 years old at the time of the offense. Appellant was 37 years old at the time of the offense.
 {¶ 22} Dr. Hopes concluded that there was a moderate to high risk that appellant would re-offend, depending on whether the original rape charges or the reduced "unlawful sexual conduct with a minor" charges were used as the "base rate." She based her conclusion on several factors including appellant's criminal history and the fact that appellant used force in the commission of the offense. Appellant's criminal history includes past convictions for forgery, drug abuse, public intoxication, driving under suspension, and assault of a law enforcement officer. Dr. Hopes noted in her report that appellant's criminal record significantly increases the risk of recidivism.
 {¶ 23} We find no error in the trial court's determination that appellant is a sexual predator. The trial court's decision is supported by clear and convincing evidence in the record, specifically the conclusions of Dr. Hopes' report, appellant's criminal history, the young age of the victim, and the fact that appellant used force and threatened cruelty during the commission of the offense. Accordingly, we overrule appellant's first assignment of error.
Assignment of Error No. 2
 {¶ 24} "The court erred in assessing court-appointed counsel fees without holding a hearing."
 {¶ 25} In this assignment of error, appellant argues that the trial court erred by ordering him to pay the cost of his court-appointed counsel without holding a hearing or making an affirmative determination on the record of his ability to pay.
 {¶ 26} The state concedes that the trial court erred. We agree and sustain appellant's second assignment of error. We find no indication in the record that the trial court affirmatively determined appellant's ability to pay the cost of his court-appointed counsel. There is no information in the record or in the current presentencing investigation regarding appellant's ability to pay. The portion of appellant's sentence ordering him to pay the cost of his court-appointed counsel is hereby reversed and the matter remanded for a determination pursuant to R.C.2941.51(D) regarding appellant's ability to pay that cost.
 {¶ 27} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
YOUNG, P.J., and WALSH, J., concur.